﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200305-68088
DATE: January 29, 2021

ORDER

Service connection for tinnitus is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that the Veteran has tinnitus due to a disease or injury in service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1978 to November 1978; and from September 2003 to December 2004.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

Subsequent to the October 2019 rating decision, the Veteran submitted a VA Form 10182 Decision Review Request: Board Appeal Notice of Disagreement (NOD) and requested direct review of the evidence considered by the RO under the Appeals Modernization Act (AMA) framework.

1. Service connection for tinnitus

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires the following: (1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Where a Veteran served for at least 90 days during a period of war or after December 31, 1964, and manifests certain chronic diseases, including organic diseases of the nervous system, to a degree of 10 percent within one year, respectively, from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

In an October 4, 1995, opinion, VA’s Under Secretary for Health determined that it was appropriate to consider high frequency sensorineural hearing loss an organic disease of the nervous system, and therefore a presumptive disability. The Board notes that in Fountain v. McDonald, 27 Vet. App. 258 (2015), the United States Court of Appeals for Veterans Claims (Court) determined that tinnitus is an "organic disease of the nervous system" subject to presumptive service connection where there is evidence of acoustic trauma and nerve damage.

Alternatively, when a disease under 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). The use of continuity of symptomology to establish service connection, however, is limited only to those diseases listed under 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

Regarding the first element of service connection, it is not in dispute that the Veteran has tinnitus because this disorder is documented on October 2018 and September 2019 VA examination report.

Review of the service treatment records (STRs) reveals no evidence of treatment for, complaints of, or a diagnosis associated with tinnitus while the Veteran was in military service. On November 2004 separation examination he denied ringing in his ears. During a June 2005 VA examination, the Veteran denied tinnitus.

During October 2018 VA examination, the Veteran reported that he first noticed tinnitus approximately one year prior. The examiner indicated that it was less likely than not the Veteran’s tinnitus was caused by or a result of military noise exposure. She indicated that the Veteran’s reported onset time is too far removed to be related to his military service noise exposure.

During September 2019 VA audiological evaluation, the examiner confirmed a current diagnosis of tinnitus. The examiner, however, determined that the Veteran’s current diagnosis of tinnitus is not associated with military service. The examiner indicated that onset of tinnitus is reported by the Veteran to be almost ten years post-separation. There is no report of tinnitus in STRs, at separation, or in the treatment records until the time of the claim. Further, as stated by the examiner, the current literature does not support late onset noise-induced tinnitus.

After consideration of all the evidence, the claim must be denied because the preponderance of the evidence is against a finding that the Veteran has tinnitus that is related to his service. His STRs are silent as to a diagnosis or complaint of tinnitus. The Veteran does not claim otherwise. He denied any issues with either ear during the November 2004 separation examination. In addition, review of the record shows that the initial, post-service documentation of tinnitus was not until 2018, as documented on the October 2018 VA examination report. Further during the September 2019 VA examination, the Veteran indicated a gradual onset of tinnitus post-service. To the extent the Veteran contends there is a continuity of symptomatology for his tinnitus, this is contradicted by the more probative evidence of record showing no related complaints for at least 10 years following service.

As is noted above, the earliest post-service medical evidence of the Veteran’s tinnitus is at least 10 years after service (a layperson can observe tinnitus). Charles v. Principi, 16 Vet. App. 370, 374 (2002) and there is no clinical evidence of audiological treatment or care. Consequently, service connection for tinnitus on the basis that such disorder became manifest in service and have persisted since or on a presumptive basis (as an organic disease of the nervous system under 38 U.S.C. § 1112) is not warranted.

Service connection for tinnitus may still be established by competent evidence that this disorder, first documented years after service, is related to service. Whether current tinnitus disorder may, in the absence of evidence of onset in service or of continuity of symptomatology since, be related to service/exposure to noise trauma therein is a medical question. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

In the October 2018 and September 2019 VA opinions, the examiners found that tinnitus was not related to the Veteran’s military service as he reported that he did not experience tinnitus until several years following service separation. There is no opinion to the contrary. As such, the preponderance of the evidence is against a finding that the current tinnitus is related to the Veteran’s military service.

Although the Veteran believes that his current tinnitus is related to service, as a lay person, he has not shown that he has specialized training sufficient to render such an opinion. Lay persons are competent to provide opinions on some medical issues, but the specific issue in this case, the etiology of tinnitus, falls outside the realm of common knowledge of a lay person. Accordingly, the Veteran’s opinion as to the etiology of his tinnitus is not competent medical evidence.

In summary, tinnitus was not shown in service or for many years thereafter, and collectively the most probative evidence is against a finding that the current tinnitus disability is related to service. Accordingly, the appeal in this matter must be denied.

 

 

H.M. WALKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. McPhaull, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.